**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RUSH UNIVERSITY MEDICAL CENTER, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | Case No. 04-6878 |
| v. | | Hon. Wayne R. Anderson |
| MINNESOTA MINING AND MANUFACTURING COMPANY, | | |
| Defendant. | | |

**3M'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR REFERENCE
TO OTHER LAWSUITS**

Defendant 3M Company ("3M") brings this motion seeking to exclude any and all evidence or argument by Plaintiff Rush University Medical Center ("Rush") referring to lawsuits or complaints by other customers related to 3M's Care Innovation suite of software products. In further support of this motion, 3M states as follows:

1. Rush filed this breach-of-contract and consumer fraud lawsuit against 3M on October 27, 2004, related to the implementation of 3M's Care Innovation clinical information system for hospitals. Care Innovation is a robust clinical information system for hospitals that consolidates and displays patient medical records at the point of care for doctors and other caregivers.

2. Rush signed a contract for Care Innovation on December 24, 1998 ("the Agreement"). Although the Agreement contained a five-year term, Rush has renewed for five separate one-year periods and continues to use the product to this day.

3. Apart from what its lawyers have said in this lawsuit, Rush's physicians and caregivers (the actual users of Care Innovation) have consistently praised the product. Among other things, the physician at Rush responsible for Care Innovation has described it as the "physician's favorite system," while the lead nurse has called it the "gold standard" by which other systems at Rush are measured.

4. Care Innovation has been in the marketplace since the early 1990s and remains an actively managed business unit at 3M today. To this end, 3M maintains Care Innovation customers (including the Department of Defense) that date back to the 1990s. The current customer base has collectively deployed the product in dozens of hospital settings and hundreds of ambulatory care centers throughout the country. Some of these current customers are routinely recognized as among the most sophisticated and advanced users of information technology in the business.

5. As with any robust suite of computer-related products, no two Care Innovation customers have the exact same components on their respective contracts. Rather, as each hospital is a different size with different needs, contracts and products are tailored for each respective client.

6. Over the course of the fifteen years that Care Innovation has been in the marketplace, two customers other than Rush have filed lawsuits against 3M: Central DuPage Hospital in the Northern District of Illinois (Case No. 05-CV-0241) and Driscoll Children's Hospital in the Southern District of Texas (Case No. 03-123). Both cases resulted in reasonable and fair out-of-court, confidential settlement agreements before the commencement of any trial. 3M did not admit or concede liability in either case.

7. In addition to the two other lawsuits, 3M believes that Rush will attempt to introduce into evidence generic "complaints" from other customers. Because neither the other lawsuits nor any complaints from other customers is relevant to whether 3M performed its contractual obligations under the Agreement, this Court should exclude all such evidence.

## ARGUMENT

8. "A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine." *Tzoumis v. Tempel Steel Co.*, No. 96 C 6945, 2001 WL 99697, at *1 (N.D. Ill. 2001) (internal quotation omitted). As the Seventh Circuit has recognized, "the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

9. Under Federal Rule of Evidence 402, "evidence not relevant is inadmissible." Fed. R. Evid. 402. And Federal Rule of Evidence 401 defines relevant evidence as including "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In addition, Federal Rule of Evidence 403 provides that, although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

10. The Seventh Circuit, this District and courts across the country have regularly and nearly uniformly excluded evidence of alleged breaches of other contract under Federal Rule of Evidence 402 and 403. For example, in *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988), the Court affirmed the trial court's exclusion of evidence that the defendant breached other contracts, concluding that the plaintiff's "proffered

3

evidence of other similar contract disputes failed to allege adequately a frequency of specific conduct sufficient to be considered semiautomatic and therefore could not properly be admitted as evidence of habit" under Federal Rule of Evidence 406. *See also IDX Sys. Corp. v. St. John Health Sys.*, 2003 WL 25676069, * 4, *10 (E.D. Mich. 2003) (concluding that, in a contract dispute between a vendor of hospital clinical information systems and the hospital, evidence regarding "alleged problems in different implementations with [the Vendor's] customers" would be excluded from evidence because "it is not relevant, is inadmissible character and bad acts evidence and hearsay with no exceptions" and that "[t]he focus is this contract at issue and not other contracts by [the Vendor] with other customers.").

11. Similarly, in *Brennan v. Paul Revere Life Ins. Co.*, No. 00 C 0725, 2002 WL 1284385, *4 (N.D. Ill. 2002), the court granted defendant's motion in limine to exclude evidence of other lawsuits or inquiries into defendant's claims handling procedures, stating that "[e]ven if such evidence is relevant—which the Court seriously doubts—the probative value of using a handful of specific instances that resulted in litigation to prove or illustrate defendants' methods of operation and alleged bad faith claims handling practices is slight." The *Brennan* court continued: "That marginal probative value is far outweighed by the unfair prejudice that would result to the defendants from the bare admission of the results of other lawsuits, or the extraordinary confusion of the issues and waste of time that would result if the particulars of those cases had to be aired before the jury, as likely would be the case if we decided to admit the verdicts and decisions." *Id.  See also Tzoumis*, 2001 WL 99697 at * 2 (excluding evidence of other lawsuits or charges of discrimination against defendant and holding that "[t]he lawsuits and discrimination charges of other employees have no relevance to the issues in this case").

12. Likewise, in *McLeod v. Parsons Corp*, 73 Fed. Appx. 846, 854 (6th Cir. 2003), the Sixth Circuit excluded evidence of other lawsuits where "the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value" and "misled the jury."

13. Here, the fact that two other hospitals filed suit against 3M and other customers may have complained at various times over the course of multi-year, complex contracts is completely irrelevant. If such evidence is admitted, the case will be turned into a several-week-long "trial (or trials) within a trial." 3M would need an opportunity to address the details of the other lawsuits, explain the differences between the contracts, and present a full defense to their allegations. 3M did not materially breach any of its other contractual arrangements and thus would vigorously defend itself if there were any allegation made to the contrary.

14. This is precisely why several other federal courts have excluded similar evidence of "other lawsuits" and the like. *See, e.g., Figueroa v. Boston Sci. Corp.*, No. 00 Civ. 7922(DC), 2003 WL 21488012, * 4 (S.D.N.Y. 2003) (excluding evidence of other lawsuits regarding the medical device at issue, concluding that "[t]he probative value of the fact that approximately 720 plaintiffs have brought suit is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time); *Estates of Tobin v. SmithKline Beecham Pharm.*, No. 00-CV-0025, 2001 WL 36102165, at *1 (D. Wyo. 2001) (granting motion in limine to exclude reference to other lawsuits involving pharmaceutical "since such references are irrelevant to this litigation and since such references would have a tendency to unnecessarily confuse the jury"); *Foster v. Berwind Corp.*, Civ. A. No. 90-0857, 1991 WL 83090, * 1 (E.D. Penn. 1991) (excluding evidence of other lawsuits because

5

"the complaints in these other actions are just that: allegations" and "are dispositive of nothing and would confuse the complex issues already present").

15. As in *Foster*, the two other lawsuits and purported customer complaints are nothing more than "allegations" that "are dispositive of nothing and would confuse the complex issues already present." *Id.* As such, this Court should grant 3M's motion and exclude them.

## CONCLUSION

For these reasons and the additional reasons that 3M will provide in its supporting memorandum (which will be filed in accordance with the schedule set by this Court), this Court should grant 3M's motion to exclude any reference to or evidence related to the two other lawsuits filed against 3M related to Care Innovation and any complaints related to Care Innovation expressed by any other Care Innovation customer.

Dated: June 5, 2009                                                  Respectfully submitted,

/s/ Benjamin W. Hulse
James C. Joslin
Benjamin W. Hulse
Travis J. Quick
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Ph: (312) 862-2000
Fx: (312) 862-2200

Jerry W. Blackwell
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Ph:  (612) 343-3200
Fx:  (612) 343-3205

*Attorneys for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2009, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to counsel for Rush University Medical Center:

    Fredric J. Entin
    Polsinelli Shughart PC
    Two Prudential Plaza
    180 N. Stetson Avenue, Suite 4525
    Chicago, IL 60601
    Ph: (312) 819-1900
    Fax: (312) 819-1910

    George F. Galland, Jr.
    Miner Barnhill & Galland PC
    14 West Erie Street
    Chicago, Illinois 60610
    Ph: (312) 751-1170
    Fax: (312) 751-0438

                                                      /s/ Benjamin W. Hulse